# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 25, 2025
Lyle W. Cayce
Clerk

No. 23-10072

Cheryl Butler,

*Plaintiff—Appellant*,

*versus*

Jennifer M. Collins; Steven C. Currall; Roy P. Anderson; Julie P. Forrester; Harold Stanley; Paul Ward; Southern Methodist University,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-37

Before Southwick, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellee Southern Methodist University ("SMU") previously employed Plaintiff-Appellant Cheryl Butler as a non-tenured law professor at the SMU Dedman School of Law. After being denied tenure in 2016 and leaving the law school in 2017, Butler sued SMU and a number of its administrators and professors (the "Individual Defendants"), asserting

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

federal- and state-law claims arising from and/or related to her tenure application and its denial. Deciding that the Texas Commission on Human Rights Act, Texas Labor Code §21.001 *et seq*., preempts Butler's negligent supervision claim against SMU, as well as her fraud, defamation, and conspiracy-to-defame claims against the Individual Defendants, the district court granted the defendants' Rule 12(b)(6) motion to dismiss as to those claims. Thereafter, following additional motion practice, Butler's remaining claims were dismissed by summary judgment granted in the defendants' favor.

On appeal, Butler challenges the district court's dismissal rulings and certain of the district court's non-dispositive orders. Given the answer provided to the preemption question that we previously certified to the Supreme Court of Texas, we REVERSE the district court's Rule 12(b)(6) dismissal of Butler's common-law tort claims against the Individual Defendants, VACATE that aspect of the district court's judgment, and REMAND for further proceedings regarding those claims. Otherwise, we AFFIRM, and decline Butler's request that we reassign the matter to another district judge.

I.

In 2011, SMU hired Butler as an assistant law professor. After a mandatory third-year performance review, Butler's employment contract with SMU was renewed and she was eligible for tenure consideration in the 2015 fall semester. At some point during that semester, however, an illness caused Butler to seek an extension of the tenure vote to a later semester. That request was denied, but SMU later approved Butler's request for leave under the Family Medical Leave Act for the 2016 spring semester.

Butler's tenure committee, chaired by Professor Roy Anderson, submitted a report concluding that Butler met SMU's tenure standards for scholarship and service but not teaching. And, in January 2016, the law faculty voted to not recommend tenure for Butler. After Butler

unsuccessfully appealed the negative recommendation to SMU Law School Dean Jennifer Collins, and then to SMU's then-Provost Stephen Currall, the denial of her tenure application became final. Butler completed the 2016–2017 "terminal year" of her contract but taught no classes during that academic year.

After her employment at SMU ended, Butler filed this lawsuit, asserting various claims arising from and/or related to SMU's consideration and/or denial of tenure, including breach of contract, discrimination, retaliation, and defamation. Butler sued SMU and several of its employees, including the Individual Defendants—Anderson, Collins, Currall, Associate Provost Julie Forrester, Vice President for Executive Affairs Harold Stanley, and General Counsel Paul Ward.[1] As set forth in her second amended complaint, Butler asserted Texas common-law claims for breach of contract, fraud, defamation, conspiracy to defame, and negligent supervision, as well as statutory claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17; the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701–794a; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2664; and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§ 21.001 *et seq*.

Following removal of the action to federal court in January 2018, the defendants filed a Rule 12(b)(6) motion to dismiss, contending that the TCHRA preempts Butler's claim for negligent supervision against SMU, and her fraud, defamation, and conspiracy-to-defame claims against the

[1] Although Butler initially named several additional SMU employees as defendants, the district court dismissed the claims against those defendants without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service.

Individual Defendants. In March 2019, the district court granted the motion as to Butler's negligent supervision claim against SMU (Count 8) and the fraud, defamation, and conspiracy-to-defame claims against the Individual Defendants (Counts 1–7), but denied it as to her FMLA and § 1981 claims (Counts 10–12 and 23–26). After discovery and various motion practice, the district court granted SMU's motion for summary judgment regarding the entirety of Butler's remaining claims, dismissing them with prejudice. This appeal followed.

Insofar as the district court decided that the TCHRA preempts the fraud, defamation, and conspiracy-to-defame claims that Butler asserted against the Individual Defendants—SMU employees—we previously certified the following question to the Supreme Court of Texas:

> Does the Texas Commission on Human Rights Act "TCHRA"), TEXAS LABOR CODE § 21.001, *et seq.*, preempt a plaintiff-employee's common-law defamation and/or fraud claims against another employee to the extent that the claims are based on the same course of conduct as discrimination and/or retaliation claims asserted against the plaintiff's employer?

*See Butler v. Collins*, No. 23-10072, 2024 WL 3633698, at *6 (5th Cir. Aug. 2, 2024).

The Supreme Court of Texas accepted our certified question, responding:

> Chapter 21 of the Texas Labor Code authorizes suits against employers arising out of various forms of discrimination, harassment, and retaliation in the workplace. In *Waffle House, Inc. v. Williams*, we held that Chapter 21 provides the exclusive remedy against an employer when the "gravamen of a plaintiff's case" is Chapter 21-covered discrimination. 313 S.W.3d 796, 799 (Tex. 2010). The Fifth Circuit asks via

> certified question whether Chapter 21 similarly forecloses common law causes of action—here, for defamation and fraud— against another employee when the claims are based on the same course of conduct. We answer that narrow question "no." Chapter 21 subjects only employers to statutory liability for covered discriminatory and retaliatory conduct and does not purport, either expressly or by implication, to immunize individuals from liability for their own tortious conduct merely because that conduct could also give rise to a Chapter 21 claim against a different defendant.

*Butler v. Collins*, No. 24-0616, 2025 WL 1478180, at *1 (Tex. May 23, 2025). Considering the answer to our certified question, we reverse the district court's dismissal of Butler's state-law tort claims against the Individual Defendants as preempted by the TCHRA, and remand for further proceedings regarding those claims.

II.

In addition to challenging the district court's state-law preemption ruling, Butler appeals a number of the district court's non-dispositive orders, as well as its summary judgment dismissal of her remaining claims. A grant of summary judgment is reviewed *de novo*. *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). The other rulings are reviewed for an abuse of discretion. *See, e.g.*, *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (attorney's withdrawal as counsel of record); *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) (denial of Butler's Rule 56(d) motion); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (Rule 6(b) extensions of time); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (modification of Rule 16(b) scheduling orders).

Regarding the district court's other rulings, including the district court's summary judgment dismissal of Butler's remaining claims, we have carefully reviewed the parties' submissions, applicable law, and the record in

this matter. After granting two motions seeking extensions of the deadline for filing an opposition to SMU's motion for summary judgment, modifying other pre-trial deadlines at the parties' request, and permitting Butler to substitute new counsel of record five times, the district court did not abuse its discretion in denying Butler's third and fourth requests for additional extensions of that deadline. Our cases have long recognized the significant discretion accorded to district courts relative to the management of their dockets. *See, e.g.*, *Kendricks v. Methodist Children's Home*, No. 21-50336, 2022 WL 944295, at *2 (5th Cir. Mar. 29, 2022) (unpub.) (per curiam) (citing cases); *Geiserman*, 893 F.2d at 792–93. And Rules 6 and 16 of the Federal Rules of Civil Procedure condition a movant's entitlement to extensions of time, and modification of scheduling orders, on court approval and demonstrating good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b), 16(b)(3).

Although a more indulgent judge might have been persuaded to grant Butler's third and/or fourth extensions of time, that fact does not invalidate the district court's refusals to grant those requests. Rather, on the instant record, the court's determinations that Butler (and her counsel) had not established excusable neglect and good faith, and lack of prejudice to the defendants, are not clearly erroneous. Thus, no abuse of discretion occurred. *See L.A. Public Ins. Adjusters*, 17 F.4th at 524–25 (client's *and* attorney's neglect must be excusable (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 391–92, 396–97 (1993)); *id*. at 525 (client's ill-advised reliance on counsel does not justify late filing)); *see also Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) ("[The] district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment . . . and has discretion to deny extending the deadline when no excusable neglect is shown." (citing *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 (5th Cir. 2006)).

Butler contends that the district court erred in treating the defendants' motion for summary judgment as unopposed, accepting the defendants' assertions of fact as undisputed, and determining that the defendants had established entitlement to summary judgment on her remaining claims. For the same reasons that the district court did not abuse its discretion in denying Butler's third and fourth requests to extend the deadline for filing an opposition to the motion for summary judgment, the district court also was not required to consider Butler's untimely submitted opposition memorandum. *Kitchen*, 952 F.3d at 254 (confirming that "district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment" (citing *Adams v. Travelers Indem.*, 465 F.3d 156, 161–62 (5th Cir. 2006)). The district court did not err in treating the motion as unopposed, and accepting its assertions of fact as undisputed. *See* Fed. R. Civ. P. 56(e).

Nor are we convinced that the district court improperly granted a "default" summary judgment based solely on Butler's failure to timely file an opposition to the motion for summary judgment. The district court evaluated the defendants' citations of legal authority, identifying the elements of each of Butler's claims addressed therein, and the lack of supporting proof for each element, in determining that SMU had established the necessary *prima facie* showing of entitlement to summary judgment on each of Butler's claims. Because Butler bears the burden of proof on all of her claims, the defendants satisfied their summary judgment burden under Rule 56 by asserting the absence of supporting evidence establishing a genuine dispute of material fact and demonstrating their entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c), (e); *Austin v. Kroger Tex.*, 864 F.3d 326, 335 & n. 10 (5th Cir. 2017); *Geiserman*, 893 F.2d at 792; *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The defendants were not required to negate the existence of evidence supporting Butler's claims, and the district court

was not obligated to search for such evidence. *See, e.g.*, *Austin*, 864 F.3d at 335; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (district court not required to "sift through record looking for evidence to support a party's opposition to summary judgment" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992))). Finally, Butler has not identified any reversible error in the district court's analysis of governing law and its application here. The district court's summary judgment ruling is affirmed.

III.

Butler finally asks that, in the event we remand this matter to the district court for additional proceedings, we also order that it be assigned to a different district judge. In support of the request for reassignment, Butler maintains that "[t]here is considerable evidence that Judge Brown acted inappropriately and was otherwise incapable of acting neutrally in these proceedings. It is not reasonable to expect that she could set aside her preconceptions of Butler and [Attorney Young] let alone cast aside prejudicial favoritism of SMU Law." Butler also asserts that "Judge Brown did not conduct herself or these proceedings in a manner expected of federal judges in any matter, let alone a civil rights case." Disagreeing, the defendants contend that "the district court has diligently applied this court's precedent," and that none of the statements that Butler references constitutes a personal attack on Butler or her attorneys.

Our power to reassign "is an extraordinary one and is rarely invoked." *Miller v. Sam Houston State Univ.*, 986 F.3d 88, 892 (5th Cir. 2021) (cleaned up). We see insufficient reason and decline to do so here, but leave

to the district court, on remand, to consider whether recusal may be warranted.

REVERSED; VACATED, AND REMANDED, IN PART; AFFIRMED IN PART.